## In re Donsavage

*Joseph J. Zapitz*, for petitioner.
*Sparks A. Reese*, for respondent.

STAUDENMEIER, J., May 17, 1954.—A petition for the appointment of a guardian for Frank Donsavage (Dunsavage), a weak-minded person, was presented to this court on November 23, 1953. After due notice to all parties in interest, a hearing was held on this petition on December 14, 1953. Frank Donsavage (Dunsavage), was born in 1900, and was admitted to the Danville State Hospital on March 1, 1950, as a mentally ill patient, and remains confined therein, as such, to the present date. On December 21, 1953, the Schuylkill Trust Company of Pottsville, Pa., was appointed guardian of the estate of the said weak-minded person.

The guardian learned that Frank Donsavage (Dunsavage), had a bank account in the First National Bank of Tamaqua, Pa., and on December 23, 1953, forwarded to the First National Bank of Tamaqua, Pa., a certificate of the Prothonotary of Schuylkill County evidencing the appointment of the Schuylkill Trust Company as guardian, and also sent a letter to

the First National Bank of Tamaqua requesting that bank to remit to the guardian any funds belonging to its ward. The guardian also in the letter informed the bank that the guardian was unable to locate any passbook reflecting deposits by its ward in the bank. The bank having failed to turn over the funds to the guardian, a petition was presented to this court for a rule directed to the First National Bank of Tamaqua, Pa., its president and cashier, to show cause, if any they have, why the funds credited to the account of Frank Donsavage (Dunsavage) incompetent herein, in the First National Bank of Tamaqua, should not be surrendered and transferred to the Schuylkill Trust Company of Pottsville, Pa., guardian of the Estate of Frank Donsavage (Dunsavage), a weak-minded person.

On February 23, 1954, the bank filed an answer wherein it is admitted that the guardian's ward has on deposit in savings account no. 1584 the sum of $4,125.68, and averred that the regulations of the bank called for the surrender of the savings account book whenever a withdrawal of funds from a savings account is made, and that whenever a passbook is lost an indemnity bond is to be given to the bank; that the guardian has not surrendered the passbook and has not executed an indemnity bond in lieu thereof. The answer concludes with a prayer that the court order the guardian to execute and deliver an indemnity bond to the bank.

The matter was placed on the argument list to be held on Monday, April 5, 1954, for hearing on the rule and answer. Hearing date was fixed for April 26, 1954, and on that date counsel for petitioner and counsel for respondent submitted to the court a stipulation of counsel in lieu of testimony, wherein it is agreed and so stipulated that the Frank Donsavage (Dunsavage) who is a mental patient in the Danville State Hospital is the same Frank Donsavage who has a savings ac-

count no. 1584 in the First National Bank of Tamaqua, amounting to $4,125.68, plus accrued interest, and for whom the Schuylkill Trust Company of Pottsville, Pa., was duly appointed guardian by this court; that the passbook issued for said savings account is lost or misplaced; that no notice of any nature or character was ever received by the bank or any of its executive officers indicating that a gift or assignment of the savings account was ever made by the depositor, or since his disability, by the guardian of his estate, or by any person or party acting for, or in behalf of, the depositor or guardian; that there is no dispute to the title, or ownership, of the savings account, and that the only party claiming the money reflected by the savings account, is the Schuylkill Trust Company as guardian of the estate.

It is agreed that the questions to be resolved by the court with respect to this matter are as follows:

1. Shall the deposits of Frank Donsavage, as reflected by savings account no. 1584, in the First National Bank of Tamaqua, Pa., be remitted by the depository bank to the Schuylkill Trust Company, as guardian of the estate of Frank Donsavage (Dunsavage), under direction of this court, despite the inability of the guardian to produce the passbook to said savings account?

2. Provided such an order is made by court, shall the execution of an indemnity bond be made a condition precedent thereof?

The Schuylkill Trust Company was appointed guardian under the provisions of the Act of June 28, 1951, P. L. 612, sec. 401, 50 PS §1781, which reads as follows:

"The guardian of the estate of an incompetent, until it is distributed or sold, *shall have the right to, and shall take possession of*, maintain and administer each real and personal asset of the incompetent, collect the

rents and income from it, and make all reasonable expenditures necessary to preserve it. He shall also have the right to maintain or defend any action with respect to such real or personal property of the incompetent." (Italics supplied.)

It will be noted that there are no restrictions or qualifications under this section of the act and the provisions "shall have the right to, and shall take possession of, maintain and administer each real and personal asset of the incompetent," are mandatory. There is no dispute concerning title to the assets claimed. The owner's title does not depend upon the production of the passbook, where title can otherwise be established.

The governing principle which is apropos to the matter under consideration is well stated in 9 C. J. S. 1411, §986, which follows:

"Although the by-laws of a savings bank by which a depositor agreed to be bound, required the production of the original bank book before any person should receive any part of the deposit, the depositor's title to the deposit is not, as a matter of law, conditional on possession of the passbook, and a conversion of it by another does not deprive him of his right to the credit represented thereby."

In In re Schweitzer's Estate, 49 Dauph. 286, the court held that where a deposit stood in the name of a decedent, his executor was, on petition to the orphans' court, entitled to the fund irrespective of his ability to produce the deposit book, and that the bank in such a case could not be liable to any person claiming the fund in the absence of notice of any gift or assignment. No demand has been made upon the First National Bank for the funds in question, except that of the Schuylkill Trust Company, the legally appointed guardian of the depositor. No notice has been given

to the bank by any assignee of the fund or a portion of it. If the ward at any time prior to his confinement in the Danville State Hospital, made an assignment of the fund in question, or any portion of it, it was the duty of the assignee to give notice to the bank of the assignment. Pennsylvania has adopted the rule prevailing in England that, if an assignee fails to give notice to the person holding the fund assigned to him, a subsequent assignee, without notice of a former assignment will, upon giving notice of his assignment, acquire priority: Phillips' (No. 3) Estate, 205 Pa. 515, 524. For a case somewhat similar to the case under consideration see McHenry Estate, 65 D. & C. 330.

The effect of adjudication of incompetency and appointment of guardian for a person of weak mind, is to constitute the guardian a bailiff of the court, the weak-minded person its ward, and to place the ward's estate in custodia legis.

There being no dispute to the title or ownership of the savings account, and the only party claiming the money reflected by the savings account being the Schuylkill Trust Company of Pottsville, Pa., as guardian of the estate of Frank Donsavage (Dunsavage), the depository, the First National Bank of Tamaqua, Pa., in complying with the request of the guardian, to remit to the guardian all moneys in savings account no. 1584, credited to Frank Donsavage, is protected from any and all claims by the act of assembly hereinbefore set forth and by the order of this court.

And now, May 17, 1954, the First National Bank of Tamaqua, Pa., is ordered and directed to remit all moneys appearing in savings account no. 1584, credited to Frank Donsavage, to the Schuylkill Trust Company of Pottsville, Pa., guardian of Frank Donsavage (Dunsavage), a weak-minded person.